IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30936
Summary Calendar
_____


CHARLES CARTER,

Plaintiff-Appellant,

versus

JOHN P. WHITLEY, Warden,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 94-CV-2572 B M1
- - - - - - - - - -
November 25, 1997

Before DUHÉ, DEMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Charles Carter, Louisiana state prisoner #115957, appeals the district court's grant of summary judgment for the defendant on his civil rights claims. Carter argues that the district court erred in granting summary judgment for Whitley on his claims of deliberate indifference to serious medical needs, cruel and unusual punishment, and punishment before he was convicted of a crime. He also contends that the district court erred in denying his second motion to compel discovery. Carter's motions for appointment of

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel, to supplement the record, and to file a supplemental brief are DENIED.

This court reviews a grant of summary judgment de novo. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 506 U.S. 825 (1992). Summary judgment under Fed. R. Civ. P. 56(c) is proper "`if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The district court did not err in granting summary judgment for Whitley on Carter's claim of deliberate indifference to serious medical needs because Carter's allegations are of mere negligence and do not give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). The court did not err in granting summary judgment for Whitley on Carter's claim of cruel and unusual punishment because the summary judgment evidence did not demonstrate a genuine issue of material fact whether Whitley knew that Carter's work assignment would significantly aggravate Carter's serious medical condition. See Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989).

The district court also did not err in granting summary judgment, albeit implicitly, on Carter's claim that he was subjected to work before an adjudication of guilt in violation of his constitutional rights. By Carter's own assertions, his parole had been revoked prior to his transfer to Angola on August 23, 1993. Because the record provided no support for Carter's assertion that he was subjected to labor as a

pretrial detainee, the district court did not err in implicitly granting the defendant's summary judgment motion on this claim.

Carter has not demonstrated that the magistrate judge abused his discretion in denying his second motion to compel. <u>See</u> <u>Richardson v. Henry</u>, 902 F.2d 414, 417 (5th Cir. 1990).

AFFIRMED.